**IT IS ORDERED as set forth below:**



**Date: March 18, 2020**

_Susan D. Barrett_
Susan D. Barrett
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE:<br>LILO N. BENZICRON,<br><br>      Debtor<br>_____ | )<br>)<br>)<br>)<br>)<br>) | Chapter 11 Case<br>No. <u>18-11661</u> |
| KIM BAKER,<br><br>      Plaintiff<br><br>v.<br><br>LILO N. BENZICRON,<br><br>      Defendant<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding<br>No. <u>19-01008</u> |

## OPINION AND ORDER

Before the Court is a Motion for Summary Judgment filed by Kim Baker ("Baker") seeking a determination that debt owed by

Lilo N. Benzicron ("Debtor") to Baker is not dischargeable under 11 U.S.C. §523(a)(2)(A).   This is a core proceeding under 28 U.S.C. §157(b)(2)(I) and the Court has jurisdiction pursuant to 28 U.S.C. §1334.   For the following reasons, Baker's Motion for Summary Judgment is denied.

## UNDISPUTED FACTS

Baker filed a pre-petition lawsuit against Debtor in the Superior Court of Hampshire County, Massachusetts asserting five counts -- breach of contract; breach of the implied covenant of good faith and fair dealing; unjust enrichment; fraud; and unfair deceptive acts and practices.   Pl.'s Statement of Material Facts, ¶1, Dckt. No. 26; Debtor's Response, ¶2, Dckt. No. 28.   Ultimately, the parties mediated the dispute and executed a formal settlement agreement ("Settlement Agreement") reflecting their intent to completely resolve their dispute as evidenced in the following recitation:

> Whereas, [Debtor and Baker] wish to avoid the expense and distraction of continued litigation by entering into this Agreement and Release to completely settle and release all claims between them, whether known or unknown, including, but not limited to, the lawsuit.

Baker Mem. Supp. Mot. Summ. J. Ex. 1B, Dckt. No. 26.

The Settlement Agreement required Debtor to pay Baker $950,000.00, plus interest and costs, but Debtor disclaimed any

liability or wrongdoing in the recitations:

> Whereas [Debtor] denies and disputes each and
> every claim asserted by [Baker] in the lawsuit,
> and admits no liability or wrongdoing of any kind
> whatsoever.

Baker Mem. Supp. Mot. Summ. J. Ex. 1B, Dckt. No. 26.

In connection with the Settlement Agreement, Debtor and Baker also executed an Agreement for Judgment ("Agreement for Judgment") which could be filed by Baker if Debtor failed to comply with the terms of the Settlement Agreement. Baker Mem. Supp. Mot. Summ. J. Ex. 1C, Dckt. No. 26; see also Baker Mem. Supp. Mot. Summ. J. Ex. 1, Rich Aff. ¶13, Dckt. No. 26.

Ultimately, Baker alleged Debtor defaulted, and after a non-evidentiary hearing, the Superior Court agreed and entered the Agreement of Judgment ("Judgment") against Debtor in the amount of $950,000.00, plus interest and costs and providing for a $10,000.00 deposit to be credited to the Judgment. See Baker v. Zicron, Civil Action 15-108 (Mass. Supp. Jan. 17, 2017); see also Baker Mem. Supp. Mot. Summ. J. Exs. 1D-1E, Dckt. No. 26. A Judgment on the Finding of the Court was entered in the amount of $1,135,322.10. Baker Mem. Supp. Mot. Summ. J. Ex. 1E, Dckt. No. 26. This order was affirmed by the Massachusetts Court of Appeals in July 2018. See Baker v. Zicron, 107 N.E.3d 1254 (Mass. App. Ct. 2018); see also Baker Mem. Supp. Mot. Summ. J. Ex. 1F, Dckt. No. 26. Debtor's

application for further appellate review was denied by the Massachusetts Supreme Court, making the Court of Appeals' decision final and non-appealable. See Baker v. Bohanan, 111 N.E.3d 282 (Mass. 2018); see also Baker Mem. Supp. Mot. Summ. J. Ex. 1G, Dckt. No. 26; Baker Mem. Supp. Mot. Summ. J. Ex. 3, Debtor's Answers to Pl.'s Req. Admis. ¶¶37-38, Dckt. No. 26.

    Thereafter, Debtor filed his chapter 11 bankruptcy petition. Chapter 11 Case No. 18-11661 (Bankr. S.D. Ga. Nov. 21, 2018). Baker filed this adversary proceeding asserting his debt is nondischargeable under §523(a)(2)(A)[1] because it was obtained by false pretenses, a false representation and/or actual fraud. Baker filed this summary judgment motion arguing there is no genuine issue of material fact and he is entitled to judgment as a matter of law based on the principle of collateral estoppel. Debtor acknowledges the validity of the Judgment but argues collateral estoppel does not prevent him from discharging the debt in his bankruptcy.

    After considering the matter, and for the following reasons, Baker's Motion for Summary Judgment is denied.

### CONCLUSIONS OF LAW

    Summary judgment is appropriate when "the pleadings,

---

[1] Unless otherwise noted, all code sections refer to Title 11 of the United States Code.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); First Nat'l Bank of Arizona v. Cities Servs. Co., 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract &

Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985)(citations omitted).

## 11 U.S.C. §523(a)(2)(A) / Collateral Estoppel.

For this debt to be nondischargeble under §523(a)(2)(A) Baker must establish it was obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. §523(a)(2)(A). Baker asserts the Massachusetts proceedings conclusively determined Baker suffered damages as a result of Debtor's allegedly fraudulent conduct and Debtor is collaterally estopped from relitigating whether the debt was obtained by false pretenses, a false representation, or actual fraud. Collateral estoppel "bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in an earlier case." In re St. Laurent, 991 F.2d 672, 675 (11th Cir. 1993). Collateral estoppel principles apply to §523 dischargeability proceedings. Id. "If the prior judgment was rendered by a state court, the collateral estoppel law of the state rendering the judgment is applied to determine the judgment's preclusive effect." Id. at 675-76. In this case, the applicable state law is Massachusetts.

Under Massachusetts law, collateral estoppel applies if:

(1) There was a final judgment on the merits in the prior adjudication;

(2) The party against whom estoppel is being asserted was a party (or in privity with a party) to the prior adjudication;

(3) The issue decided in the prior adjudication is identical to the one presented in the current action; and

(4) The issue in the prior adjudication was essential to the earlier judgment.

Alba v. Raytheon Co., 809 N.E.2d 516, 521 (Mass. 2004)(citations omitted).    An  overarching  consideration  in  the  Massachusetts doctrine of collateral estoppel is whether the issue was "actually litigated" in the prior proceeding.  See In re Woodford, 418 B.R. 644, 651 (B.A.P. 1st Cir. 2009)("Issue preclusion can be used only to prevent relitigation of issues actually litigated in the prior action.").

In  certain  circumstances,  Massachusetts  courts  have extended the doctrine of collateral estoppel to consent judgments and agreements for judgment; however, not all consent agreements and agreements for judgment satisfy the 'actually litigated' prong. See id. at 651 (citing Young v. Estate of Lapolito, 2005 WL 2864802, at *2 (Mass. Supp. Sept. 27, 2005)).  A consent judgment "may be conclusive with respect to one or more issues, if the parties have entered an agreement manifesting such intentions."    In re

Woodford, 418 B.R. at 652 (citing Turner v. Cmty. Homeowner's Ass'n, Inc., 816 N.E.2d 537, 544 (Mass. App. Ct. 2004)(citing Restatement (Second) of Judgments §27, comment (e)(1982) (A consent judgment "may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.")).   Such intent can be inferred either from the language of the judgment or the record.   In re Nardone, 2008 WL 2705524, at *10 (Bankr. D. Mass. July 7, 2008)(analyzing whether to give consent judgments preclusive effect under Massachusetts law). "Thus, when considering a consent judgment founded upon an agreement of the parties, the court must examine the issue of 'intention' when determining whether the 'actually litigated' requirement of collateral estoppel has been fulfilled." In re Woodford, 418 B.R. at 652.

While fraud is one of the counts in Baker's Massachusetts complaint, neither the language of the Settlement Agreement, Agreement of Judgment, Judgment, nor other evidence tendered compels the conclusion that the parties intended the Judgment would be nondischargeable in Debtor's bankruptcy under §523(a)(2)(A). The Massachusetts courts and Judgment found Debtor breached the terms of the Settlement Agreement, but there is no finding that Debtor obtained funds by false pretenses, a false representation or

actual fraud.    See Baker Mem. Supp. Mot. Summ. J. Ex. 1D, p. 8, Dckt. No. 26.   ("Accordingly, [Debtor's] failure to sell the 1969 Lola T70 pursuant to the terms and conditions of the settlement agreement constitutes a breach of the settlement agreement."); Baker Mem. Supp. Mot. Summ. J. Ex. 1F, p. 7, Dckt. No. 26. ("Accordingly, we agree with the Superior Court judge that the [Debtor] materially breached the agreement when he failed to sell the 1969 Lola by October 20, 2016, justifying the entry of judgment against the [Debtor].").    Other than a recitation of the complaint's counts, the term "fraud" is not mentioned anywhere in the Settlement Agreement, the Agreement for Judgment, the Judgment itself, the order issued by the Massachusetts Court of Appeals, or the Massachusetts Supreme Court's denial of further review.   Baker Mem. Supp. Mot. Summ. J. Exs. 1B-1G, Dckt. No. 26.

Furthermore, there is no acknowledgement/admission by Debtor in the Settlement Agreement that he engaged in false pretenses, made a false representation, or committed actual fraud. In fact, the Settlement Agreement expressly disclaims any liability of Debtor.   See Baker Mem. Supp. Mot. Summ. J. Ex. 1B, Dckt. No. 26. ("Whereas, [Debtor] denies and disputes each and every claim asserted by [Baker] in the lawsuit, and admits no liability or wrongdoing of any kind whatsoever. . . .").   Thus, nothing in the

record suggests the parties intended the Judgment to be nondischargeable or that the Debtor agreed, or intended, to be bound by a finding that he engaged in false pretenses, a false representation or committed actual fraud.

Nevertheless, Baker argues the parties intended for the Settlement Agreement and accompanying documents to completely resolve this matter. He submits an affidavit executed by David H. Rich with his Memorandum in Support of his Motion for Summary Judgment. See Baker Mem. Supp. Mot. Summ. J. Ex. 1, Rich Aff., Dckt. No. 26. Rich is the attorney who represented Baker in the Massachusetts litigation. See Baker Mem. Supp. Mot. Summ. J. Ex. 1, Rich Aff. ¶¶1-2, Dckt. No. 26. In the affidavit, Rich highlights an email exchange between respective counsel during the preparation of the Settlement Agreement and Agreement for Judgment. Baker Mem. Supp. Mot. Summ. J. Ex. 1, Rich Aff. ¶14, Dckt. No. 26. The affidavit provides, "[i]t was the intention of the parties, as confirmed by contemporaneous email communications between the counsel as confirmed by the Agreement for Judgment itself, that any judgment entered pursuant to the settlement agreement would preclude further litigation in a discharge proceeding." Id. However, these emails were not provided to this Court, and the Settlement Agreement recitals referenced above evidence Debtor's

AO 72A
(Rev. 8/82)

disclaimer of liability.    Nothing in the Settlement Agreement or related documents reflect an agreement that Debtor would be precluded from discharging this debt in a subsequent bankruptcy.

Furthermore, the Settlement Agreement includes the following paragraphs which prevent the emails' incorporation into the Settlement Agreement at this stage in the proceedings:

> 24.    This document contains the complete Agreement between the Parties with respect to its subject matter and supersedes any and all prior made agreements, understanding, promises, warranties, and representations made by each Party to the other concerning the subject matter.
>
> .
>
> .
>
> .
>
> 26.    This Agreement may be modified only by a written document signed by the Parties.    No waiver of this Agreement or any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced; and
>
> .
>
> .
>
> .
>
> 31.    [E]ach party acknowledges that it has not relied on or made any promise or representation to the other Party that is not contained within this Agreement.

Baker Mem. Supp. Mot. Summ. J. Ex. 1B, ¶¶24, 26, 31, respectively, Dckt. No. 26.   "[I]n the absence of ambiguity and in view of the integration clause, the parole evidence rule 'bars evidence of prior or contemporaneous written or oral arguments that contradict, vary,

or broaden an integrated writing.'" In re Cullen, 2013 WL 145586, at *10 (Bankr. D. Mass. Jan. 14, 2013)(internal punctuation and citations omitted); see also Realty Fin. Holdings, LLC v. KS Shiraz Manager, LLC, 18 N.E.3d 350, 355 (Mass. App. Ct. 2014) ("Generally, contracting parties are understood to have included an integration clause in their written agreement with the intent 'to preclude the subsequent introduction of evidence of preliminary negotiations or side agreements.'")(internal citations omitted).  At this stage in the proceedings, the language of the Settlement Agreement itself precludes the Court from considering any such representations or evidence not contained in the Settlement Agreement, Agreement for Judgment, Judgment, or accompanying court records.

Finally, Debtor acknowledges the Settlement Agreement fully resolves the existence of this debt, but he contends it does not fully resolve the dischargeability of the debt in bankruptcy. These are two separate issues. See generally Grogan v. Garner, 498 U.S. 279, 283-84 (1991) (concluding the validity of the creditor's claim was determined by the rules of state law while the issue of nondischargeability is a matter of federal law determined by the terms of the Bankruptcy Code).  See also In re Woodford, 418 B.R. at 650 ("While the bankruptcy court must make its own determination regarding the dischargeability of the debt, that determination may

AO 72A
(Rev. 8/82)

be governed by factual issues that were actually and necessarily decided by the state court.")(internal citation omitted).

## CONCLUSION

For these reasons, Baker's Motion for Summary Judgment is ORDERED DENIED.

**[END OF DOCUMENT]**