

1229 Augusta West Parkway | Augusta, GA 30909
[T] 706.863.2255  [F] 706.863.5885

November 1, 2021

Hon. Susan D. Barrett
Judge, United States Bankruptcy Court
For the Southern District of Georgia
Federal Justice Center
600 James Brown Boulevard
Augusta, Georgia  30901

      RE:    Baker v. Benzicron, Adversary Proceeding No. 19-01008

Dear Judge Barrett,

At the conclusion of the trial of the Adversary Proceeding last week, Your Honor asked us to send you a letter brief on the issue(s) of the effect of the "as is where is" language contained in Exhibit 6, the subject Sale Agreement, which was entered into evidence at the trial.

I have, prior to forwarding this letter, attempted to contact opposing counsel to see if we could come to some consensus on what the appropriate state's law on the issue is/was, but I have not received word back from, although I am not sure that it matters.

From my perspective, the only potential states which laws could apply are (1) Massachusetts, where Mr. Baker lived at the time of the execution of the Sale Agreement, and presumably where Mr. Baker executed same, or (2) California, where Mr. Benzicron lived at the time of the execution of the Sale Agreement, and presumably where Mr. Benzicron executed same. I don't know what other states' laws might potentially apply.

As I had suggested to the Court might be the case, both Massachusetts and California (like Georgia) have adopted the Uniform Commercial Code. With regards to the disclaiming of implied warranties, the relevant section of the Massachusetts Commercial Code is General Laws of the Commonwealth of Massachusetts Section 2-316(a) which provides:

> (a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;

The California Commercial Code uses verbatim, identical language.  As set forth in the Commercial Code of California Section 2316(3)(a):

> (a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which

> in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;

The relevant portions of the Uniform Commercial Code as adopted by Georgia and cited in Defendant's Pre-Trial Brief is likewise identical. O.C.G.A. § 11-2-316(3)(a) provide:

> (a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;

Given the above, that is that all three (3) states have adopted <u>identical and verbatim</u> language on the issue, I submit that whichever states' law (or interpretation thereof) that the Court seeks to apply, the result is the same.

Without relitigating the issue, Defendant suggests then that his application of the relevant Georgia statute in Defendant's Pre-Trial Brief is correct, i.e. with the express inclusion of the phrase "as is where is" in the Sale Agreement, there can be no implied warranties as to the subject motor vehicles.

Thank you in advance for your attention to this matter.

Very Truly Yours,

James C. Overstreet, Jr.

Cc: Andrew Murdison, Esq.